[No. 5145.]

[No. 2737 C. A.]

LEPPEL, IMPLEADED WITH DANIELS, SHERIFF, v. KUS.

**1. Execution—Manner of Sale—Sheriff's Return—Presumption.**

Mills' Ann. Stats., § 2540, provides that when any property shall be taken in execution, if susceptible of diversion, it shall be sold in such quantities as may be necessary to satisfy such execution and costs. A sheriff's return of an execution under which several lots were sold recited that he attended. at the time and place fixed for said sale and exposed said property for sale, and sold the same to the plaintiff in the case, she being the highest and best bidder. Held, that such return did not overcome the presumption that the sheriff did his duty by first offering the property in parcels and there were no bidders, or, if bids were received for the parcels, that the bid for the whole of the property was greater than the aggregate bids in parcels.—P. 293.

**2. Execution—Notice of Sale—Computing Time—No Fractions of a Day—Statutory Construction.**

The law does not recognize fractions of a day, and a notice published on February 16th was twenty days prior to the sale on March 8th; and Mills' Ann. Stats., § 2545, providing that no land shall be sold by virtue of any execution unless the time and place of holding such sale shall have been previously advertised for the space of twenty days in some daily or weekly newspaper, was observed.—P. 295.

**3. Exemptions—Homestead—Statutory Construction.**

The word "Homestead," written on the margin of a deed, signed by the owner, and attested by the county clerk and recorder, does not meet the requirements of Mills' Ann. Stats., § 2133, providing that a person, to be entitled to a homestead exemption, shall cause the word "Homestead" to be entered of record on the margin of his recorded title to the same.—P. 295.

*Appeal from the District Court of Lake County.*

*Hon. Frank W. Owers, Judge.*

Action by Mary Kus against B. Leppel, impleaded with Ernest L. Daniels, as sheriff of Lake county. From a judgment for plaintiff, defendant Leppel appeals.          *Reversed.*

Messrs. PHELPS & PENDERY, for appellant.

Mr. JAS. GLYNN, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court:

The complaint alleges that Mary Kus, having purchased lots numbered 10, 11, 12, 13, 14, 15 and 16, in block 4, Ore Addition to the city of Leadville, on January 31, 1900, before the deed was recorded caused the word "Homestead" to be written on the margin of the deed; that she signed her name thereto and that the clerk and recorder of the county attested the same; that the deed was filed for record February 1, and transcribed by the recorder February 4, 1900; that the defendant (appellant) obtained judgment against her on January 16, 1900; that a transcript of the judgment docket was filed February 3, 1900; that execution was issued and a levy was made upon the lots in question on February 16, 1900; that notice of sale was first published on February 16, advertising a sale for March 8; that the execution sale took place March 8 at ten o'clock, and the property was sold to B. Leppel, the appellant; that the lots were sold *en masse;* that lots 10, 11, 12, 13 and 14 were, at the time of the sale, and now are, worth more than enough to satisfy the judgment.

The answer denies certain allegations respecting the good faith of the claim of exemption of the homestead, and alleges fraud and collusion in the purchase of the property; denies that the sheriff's notice was not published twenty days; and denies that the lots were sold in any other manner than is provided by law.

There is but one allegation in the complaint that entitles the plaintiff to relief—that relating to the sale of property *en masse.* Section 2540, Mills' Annotated Statutes, provides that "When any property,

real or personal, shall be taken in execution, if such property is susceptible of division, it shall be sold in such quantities as may be necessary to satisfy such execution and costs.'' The plaintiff alleges, and the return of the sheriff shows, that the property was sold *en masse*. The action of the sheriff in selling *en masse* does not render the sale void at the suit of the execution debtor if it should appear that the property was first offered in parcels and no bids were received—or, if he received bids, that the bid he received for all the property was greater than the aggregate of the bids for the parcels. Upon the hearing of the motion to strike the answer, the execution with the sheriff's return was introduced in evidence and considered by the court. Counsel's contention was and is, that, as the sheriff's return shows that the property was sold *en masse*, the answer, although it denied that the property was sold *en masse*, should be stricken because the defendants were bound by the sheriff's return; and this, we assume, was the reason assigned by the court for his ruling. We think this was error. The presumption is that the officer did his duty, and the language of the return does not overcome the presumption. The return states: ''I attended at the time and place fixed for said sale, and exposed said property for sale, and sold the same to B. Leppel (plaintiff in the case), she being the highest and best bidder.'' The presumption is, that the sheriff first offered the property in parcels and there were no bidders, or, if bids were received for the parcels, that the bid for the whole of the property was greater than the aggregate bids in parcels.—*Love v. Cherry,* 24 Iowa 204.

The answer of the defendant was good as against a motion to strike and for judgment, and the court should have denied the motion.

For this reason we must reverse the case.

In view of a new trial, we shall determine the other questions presented.

The notice of sale was sufficient. It is contended that, as the paper in which the notice appeared was not published until five o'clock in the afternoon, that twenty days had not expired at the time of the sale at ten o'clock on the morning of the 8th of March. The law does not recognize fractions of a day, and the notice published on February 16 was twenty days prior to the sale on March 8; and section 2545, Mills' Annotated Statutes, which provides that no land shall be sold by virtue of any execution unless the time and place of holding such sale shall have been previously advertised for the space of twenty days in some daily or weekly newspaper, was observed.

The property was not exempt as a homestead. The statute, 2133 Mills' Annotated Statutes, requires that a person, to be entitled to a homestead exemption, shall cause the word "Homestead" to be entered of record on the margin of his recorded title to the same. This was not done. The owner caused the word "Homestead" to be written on the deed itself. The exemption is entirely a creature of the statute, and we are not permitted to say that one is entitled to it if he signifies his intention of accepting the privilege extended by the legislature in a manner different from that required by the statute. The legislature required that the entry should be made on the margin of the recorded title, and we cannot say that the statute is observed by making the entry on the deed, unless under the guise of a construction of the statute we substitute our will for that of the legislature. It is said that, in some instances, many weeks elapse between the filing of the deed and the transcribing of it upon the record books, and that, unless one may give notice upon the deed itself of an intention to claim exemption, the right will be defeated

by a creditor levying upon the property between the time of the filing of the deed and the recording of it. The exemption statutes are to be liberally construed, and, if the owner of the property should make an entry upon the margin of the recorded title as soon as the deed was recorded, or within a reasonable time thereafter, the court would then be confronted with a question calling for a liberal construction of the statute; but here no effort was made by the owner to make the entry as required by law, but she relied solely upon her indorsement upon the deed.

As the property was not exempt from execution, we shall not consider the allegations of the answer respecting the purchaser of the property nor the conduct of the debtor with respect to residence thereon and improvements thereon. The judgment must be reversed.            *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.