[No. 8372.]

## DENVER DRY GOODS COMPANY V. JESTER.

HUSBAND AND WIFE—*Living Separate—Husband's Liability.*

Where the husband, for the misconduct of the wife, lawfully separates himself from her, he is not chargeable for necessaries furnished her. (291.)

*Error to Denver County Court.* Hon. WILLIAM C. HOOD, JR., Judge.

Mr. EVERETT OWENS, Mr. GEORGE B. STRUBY, for plaintiff in error.

Messrs. MCKNIGHT & HENRY, Mr. C: A. FERGUSON, for defendant in error.

WHITE, J., delivered the opinion of the court.

The question involved in this action is whether the Denver Dry Goods Company, plaintiff in error, may recover of M. H. Jester, the defendant in error, the value of certain goods which it sold to his wife, without his knowledge or consent, and while the Jesters were living separate and apart. Plaintiff in error claims that when the goods were sold the Jesters were living apart by mutual consent, and that such goods were necessaries within the meaning of the law, and that the husband had failed to supply his wife with the same, or make any provision for her support. The defendant in error contends that the goods were not necessaries, and that the living apart was not by mutual consent, but because the wife was guilty of violation ·of her marital

duties and obligations, entitling the husband to a divorce, and for which he was, at the time the goods were sold, prosecuting a cause of action, which subsequently resulted in a decree in his favor.   As the Jesters were not living together as a family in fact, at the time the goods were sold, it is conceded that the statute,—§3021 Rev. Stat. 1908,—relative to family expenses has no application. *Gilman v. Matthews, et al.,* 20 Colo. App. 170, 179, 77 Pac. 376.   This is also true as to the statute on the subject of alimony, etc., and the power of the courts in that regard.   The controversy is, therefore, controlled by the principles of the common law. The cause was tried to the court without a jury, and judgment entered in favor of defendant in error.   Neither special findings of fact nor declarations of law were made, and an examination of the evidence fails to show that the court had an erroneous conception of the law or that the judgment is wrong.   On the contrary, there is a fair *quantum* of proper evidence to warrant the conclusion that Mrs. Jester was guilty of offenses against the marital relation that entitled her husband to a divorce, and that this was the effective cause of their living apart when the goods in question were purchased.   The duties of the wife, as wife, form the consideration for the husband's liability for her maintenance. If she is guilty of offenses against the marital relation that entitles her husband to a divorce, and by reason thereof they do not live together, her contracts for necessaries will not bind the unoffending husband.—*Sawyer v. Richards,* 65 N. H. 185, 23 Atl. 153; *Cromwell v. Benjamin,* 41 Barb. 558; *Brown v. Mudgett,* 40 Vt. 68, 21 Cyc., p. 1223.

The burden is upon plaintiff in error to show reversible error, and having failed in that regard, the judgment is affirmed.

*Judgment affirmed.*

GABBERT, C. J., and BAILEY, J., concur.