## No. 8997.

### O'BRIEN v. GALLEY-STOCKTON SHOE COMPANY.

1. HUSBAND AND WIFE—*Living Apart—Family Expenses.* Where the wife lives apart from the husband, with the children, the liability of the husband for raiment furnished to the children without his authority, depends upon common law principles; the statute regarding family expenses (Rev. Stat. sec. 3021) has no application.

2. DIRECTED VERDICT—*Motion for—Effect.* Where neither party requests the submission of any fact to the jury, each moving for a directed verdict, the decision of the trial court has the effect of a general verdict upon all the matters in issue. Upon error brought, the weight of the evidence is not considered. If there is any substantial evidence to support it, and no error in the admission or the rejection of testimony is discovered, the judgment is affirmed.

*Error to Fremont County Court, Hon. Kent. L. Eldred,
Judge.*

On Rehearing.

Mr. D. W. Ross, for plaintiff in error.

Messrs. JEFFREY & STINEMEYER, for defendant in error.

Opinion by Mr. Justice Allen:

THIS is an action brought by The Galley-Stockton Shoe Company, plaintiff below, against James O'Brien, defendant below, to recover the sum of $31.05 alleged to be due on a bill, principally for shoes claimed to have been furnished to the defendant's minor children.

The cause was tried to a jury, and after evidence was produced on behalf of each party, and at the close of the testimony, the defendant moved for a directed verdict. The motion was denied, and thereupon the plaintiff moved for a directed verdict in its favor and against the defendant. The latter motion was sustained, and judgment was rendered in favor of plaintiff for the amount of its claim. The defendant brings the case here for review, and the principal question presented is whether or not error was committed in overruling defendant's motion and sustaining plaintiff's motion for a directed verdict.

It is claimed by the defendant in error, and denied by the plaintiff in error, that the defendant below is liable under the statute (section 3021 R. S. 1908, section 3460 Mills Ann. Sts. 1912). The evidence is undisputed that at the time the goods were furnished and used, the children, with their mother, the wife of defendant, were and had been living separate and apart, and in a different house, from the defendant. Under such circumstances the statute above cited has no application in this case. *Gilman v. Matthews*, 20 Col. Ap. 179, 77 Pac. 366; *Denver Dry Goods Co. v. Jester*, 60 Colo. 290, 152 Pac. 906, L. R. A. 1917A 957. The controversy is, therefore, controlled by the principles of the common law, on which the plaintiff below also relied.

The rule at common law is thus stated in 29 Cyc. 1608:

"It is a necessary consequence of the duty to support the child that the parent may in a proper case be held liable for necessaries furnished to the child by a third person; but in order to hold a parent liable there must be either an express promise to pay or circumstances from which a promise can be implied, some clear and palpable omission of duty on the part of the parent, or some special exigency rendering the interference of such person reasonable and proper."

It is conceded that there was no express promise on the part of the defendant to pay for the goods, and that the wife or children had no express authority to purchase the goods on the credit of the defendant. The defendant's liability depends on whether or not the plaintiff furnished the articles under circumstances from which a promise can be implied.

Whether circumstances creating a liability on the part of the defendant existed at the time the defendant's children obtained the goods was a question of fact. Since both parties, at the close of the testimony, moved for a directed verdict, and neither of them, after a ruling on such motions, requested the submission of any question of fact to the jury, the decision of the trial court has the effect of a general verdict, and is a finding upon all fact questions, in favor of the successful party. In such case the Appellate Court does not consider the weight of the evidence. If no reversible error was committed in the admission or rejec· tion of evidence, the directed verdict will be upheld if there is any substantial evidence to support it. *Saxton v. Perry,* 47 Colo. 263, 268, 107 Pac. 281. While the plaintiff in error contends that there is an absence of evidence to support a verdict against defendant below, we do not agree with this contention, but are of the opinion that there is sufficient evidence to support the finding and judgment.

The remaining question argued concerns the rejection of certain evidence. We find no reversible error in this respect.

For the reasons above named the former opinion is withdrawn and the judgment affirmed.

Affirmed.

Chief Justice Hill and Mr. Justice Bailey concur.