## No. 10,396.

### CRAWFORD *v.* FELKEY, ET AL.

Decided June 4, 1923.

Proceedings to annul a trust deed. Judgment of dismissal.

## *Affirmed.*

1. PLEADING—*Homestead—Conclusion.* An allegation in a complaint, that a homestead entry was made in substantial compliance with law, is a mere conclusion. It should appear by proper averments, that the word "homestead" was entered in the margin of the record title and that it was signed by the owner and attested by the clerk and recorder.

2.  HOMESTEAD—*Requisites—Pleading.* To acquire a homestead right, the statutory steps must be taken by the person seeking its protection. A complaint which does not show a compliance with the statute is fatally defective.

*Error to the District Court of Washington County, Hon. L. C. Stephenson, Judge.*

Mr. CHALKLEY A. WILSON, for plaintiff in error.

Mr. ISAAC PELTON, for defendants in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE court below sustained a demurrer to the complaint. Upon the election of plaintiff in error not to plead over, the case was dismissed, and she brings it here for review.

The plaintiff claimed the right of homestead to certain property. Plaintiff in error brought this action against Felkey and the First National Bank of Otis, to annul a trust deed executed by her, and a trustee's deed, in virtue of her alleged claim of a homestead to the property involved. The complaint alleged that "a homestead entry was made of record on or about the 15th day of January, A. D. 1918, and was made in substantial compliance with the laws of the State of Colorado, and has ever since been and is now the homestead and place of residence of Susie K. Crawford and L. L. Crawford, her husband."

Section 5925, Compiled Laws, provides: "To entitle any person to the benefit of this act, he shall cause the word 'homestead' to be entered in the margin of his record title to the same, which marginal entry, shall be signed by the owner making such entry and attested by the clerk and recorder of the county in which the premises in question are situated, together with the date and time of day on which the said marginal entry is so made."

The allegation of the complaint of a homestead entry was a mere conclusion of law. To entitle one to the benefit of a homestead, it must appear, by proper averments

in the complaint, that he caused the word "homestead" to be entered in the margin of his or her record title, and that it was signed by the owner and attested by the clerk and recorder.

To acquire a homestead right, the statutory steps must be taken by the person seeking its protection.

The complaint was fatally defective as it did not show a compliance with the statute. *Goodwin v. Colorado Mortgage Co.,* 110 U. S. 1, 3 Sup. Ct. 473, 28 L. Ed. 47.

The determination of this point makes it unnecessary to consider other points discussed by counsel.

The judgment will be affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur.