No. 10,698.

MONTE VISTA BANK & TRUST CO. *v.* SAVAGE.

Decided April 7, 1924.

Action to quiet title. Judgment for plaintiff.

*Reversed.*

1.   APPEAL AND ERROR—*Sufficiency of Evidence.* Where the evidence

on issues involved is undisputed, the appellate court is at liberty to consider the question as to the sufficiency of the evidence to support the judgment.

2. HOMESTEAD—*Occupancy—Presumption.*    The cessation of occupancy of a homestead may raise a presumption of abandonment which will devolve upon the claimant the duty of overcoming it.

3.    *Termination of Right.*    The right to homestead terminates when the debtor ceases to be the head of a family.

4.    *Abandonment—Evidence.*    In the case under consideration it is held that the claimant did not support the burden of overcoming the presumption of abandonment arising from the acts of the parties.

*Error to the District Court of Rio Grande County, Hon. Jesse C. Wiley, Judge.*

Mr. GEORGE M. CORLETT, Mr. CLAUDE W. CORLETT, for plaintiff in error.

Mr. JESSE STEPHENSON for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error began suit to quiet title to a residence property in Monte Vista, and made plaintiff in error, a judgment creditor of plaintiff's husband, a defendant.

The complaint was in the usual form, alleging title and possession; the answer denied title and possession, and set up the entry of a judgment, and the proceedings by which it had become a lien on the property.

Plaintiff's replication admitted the judgment, and that her husband was the owner of the property when the judgment was obtained and transcript filed, and alleged that on June 21, 1921, before the judgment was entered, the husband had, by appropriate proceedings, made said property a homestead and exempt from liens of judgments against the husband.

The trial was to the court who found for plaintiff, and entered judgment accordingly. Defendant brings error.

Plaintiff in error urges that the replication was a departure, and that it was unable to set up affirmatively an abandoment of the homestead.

The court, however, permitted the defendant to present all evidence desired on the question of abandonment, and there is, therefore, no reason for considering the question of pleadings.

It was further urged that the undisputed evidence establishes that all rights of homestead secured by the plaintiff's husband were lost by the abandonment of the property as a family home. This evidence is to the effect that the plaintiff, in November, 1920, after residing on the property with her husband for some months, left the state; that she never afterwards lived with her husband; that while she was in Kansas her husband visited her and requested her to return to him, and that she refused so to do; and that she came back to Monte Vista in November, 1921, her husband having in the meantime gone to Kansas City, where he has ever since resided.

Plaintiff stayed in Monte Vista from November, 1921, to May, 1922, when she went to Colorado Springs, rented an apartment there, where she lived from that time to the time of the trial. She never, at any time, after leaving Monte Vista in 1921, lived on the property claimed as a homestead. The property was rented furnished after the husband left, and the tenancy continued until July, 1923.

The trial court in announcing its findings expressed doubt of the good faith of the plaintiff, but was of the opinion, as announced, that technically she was entitled to the exemption under the homestead law.

The evidence as to the movements of the parties being undisputed, and coming from plaintiff herself, we are at liberty to consider the question raised by plaintiff in error as to the sufficiency of the evidence to support the judgment.

In *Allen v. Shires,* 47 Colo. 433, 107 Pac. 1070, this court

said: "Neither the husband nor the wife was living on, or occupying, the premises at the time this deed was executed and delivered. The premises in controversy did not, because of the lack of this essential element, constitute a 'homestead,' whatever be the meaning of that word as used in our statute. The right to a homestead does not consist in purchasing property for a homestead, but in actually occupying it as such."

The question there was as to the necessity of the husband's joining in a deed, as would be necessary were the property a homestead. This holding is in accordance with the provision of section 5926, C. L. 1921, which provides that, "Such homesteads shall only be exempt as provided in the first section of this act, while occupied as such by the owner thereof, or his or her family."

The limitation expressed in this statute is applied also in jurisdictions where there is no similar statutory provision.

In Thompson on Homesteads and Exemptions, section 284, the general rule is said to be that "a cessation of occupancy may raise a presumption of abandonment which will devolve upon the claimant the duty of overcoming it."

In *Jarvais v. Moe,* 38 Wis. 440, 448, speaking of a cessation of occupancy, the court said that a vague intention to return perhaps at some future time and reside there again, will not preserve the claimant's home; and that the intention, which is sufficient to rebut the presumption of abandonment, "must be positive and certain, not conditional or indefinite."

In *Harper v. Forbes,* 15 Cal. 202, it was held that the removal of a family from the homestead made a *prima facie* case of abandonment; and that to rebut this presumption, "It must appear that the removal was temporary in its nature, made for a specific purpose, with the intention of reoccupying the premises."

*Anderson v. Kent,* 14 Kan. 207, is a case in which the facts are somewhat similar to those of the instant case. A wife deserted her husband leaving him in possession of

the premises. A month later the husband executed a deed and went away. The court held that abandonment had been established by these facts.

There is a further rule applied in some jurisdictions which is clearly in accordance with the spirit and intent of the statute; it is that the right to homestead terminates when the debtor ceases to be the head of a family, by death or permanent removal from the premises of all the dependent members, or by their reaching the age of majority. 29 C. J. 931. See *Fullerton v. Sherrill*, 114 Iowa, 511, 87 N. W. 419; *Hill v. Franklin*, 54 Miss. 632; *Cooper v. Cooper*, 24 Ohio St. 488; and *Union Trust Co. v. Cox*, 55 Okla. 68, 155 Pac. 206, L. R. A. 1917C, 356.

We do not, however, base our judgment on this rule, but refer to it merely as showing the reasonableness of the statute whose provisions we have held applicable.

The duty of a debtor to pay his debts is by statutes of this kind regarded as subordinate to the importance of the existence of a family home. When the necessity for the protection to the home has ceased, there is no reason for the exemption. The claimant in this case admitted that she had refused to live longer with her husband, and that she had lived apart from him at least two years before the date of the trial. It should be observed that there is no testimony as to her intention, except that she stated that when she left in May, 1921, she expected to return. There is no evidence that at any time thereafter she regarded the property as her home, and the acts of the parties clearly indicate that they did not so regard it. If the exemption right was not lost when the wife deserted the husband, as would be true under the cases above cited, it is clear that the plaintiff did not support the burden of overcoming the presumption of abandonment arising from the acts of the parties. If, as the cases say, the evidence to overcome that presumption must be clear and definite, it is certain that the presumption has not in this case been overcome.

The judgment is accordingly reversed and the cause

remanded with directions for further proceedings in harmony with the views herein expressed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.