## No. 13,324.

### FARLEY ET AL. *v.* HARVEY.
(25 P. [2d] 185)

Decided June 19, 1933. Rehearing denied September 18, 1933.

Mr. Guy D. Duncan, for plaintiffs in error.

Mr. F. J. Knauss, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error, H. C. Farley, is hereinafter referred to as Farley; his wife, plaintiff in error Margaret C. Farley, as Mrs. Farley; defendant in error as Harvey; the Parker Realty Company as the Parker Company; and the real property herein involved, known as No. 1242 Clarkson street, Denver, Colorado, as Y.

Mrs. Farley brought this suit to quiet title to Y. Harvey answered that he owned Y by virtue of the foreclosure of a deed of trust, and prayed that title be quieted in him. Mrs. Farley replied, pleading a "homestead" entry. Farley intervened on the same ground. The cause was tried to the court, and, to review a judgment in favor of Harvey, Farley and wife prosecute this writ and ask that it be made a supersedeas.

June 8, 1928, Mrs. Farley was the record owner of Y, on which an encumbrance was due. She and her husband resided there. To lift this encumbrance two new loans were that day negotiated, Farley acting therein for himself and his wife. One of these loans, for $4,500, was obtained from the Parker Company. The note, due June 8, 1931, on which interest was payable quarterly, was signed by both husband and wife, but the deed of trust securing it by the wife only. The latter contains an express waiver of homestead rights. Harvey became the owner of the note in question, which carries a statement that it is secured by a first trust deed on Y. September 9, 1929, Mrs. Farley made a marginal "homestead" reservation of record, as provided by section 5925, p. 1568, C. L. 1921. No payments were made on principal, interest, taxes or insurance, after March 8, 1931. Harvey

foreclosed and, October 7, 1932, secured a trustee's deed. The homestead law is sections 5924 to 5931 inclusive, C. L. 1921, as amended by sections 13 and 51, chapter 150, p. 585, S. L. 1927.

The only questions, raised by the assignments, which require notice, are: (1) That the note had been altered and is not the note described in the deed of trust; (2) that Farley was a joint owner of the property, and since Harvey knew it was occupied by both husband and wife he was put upon notice of Farley's interest; (3) that, irrespective of the foregoing, Farley and his wife can hold under their "homestead" reservation as against Harvey's trustee's deed.

1. The alteration relied upon is the endorsement on the note of the property securing it. As to whether that endorsement was there when the note was signed the evidence is in conflict. If the question is material the court's general findings dispose of it. The variance claimed between note and deed of trust consists of the fact that the note is signed by both husband and wife, whereas the deed of trust recites that "Margaret C. Farley has executed a promissory note," etc. This is no variance. She did execute a note. It is otherwise specifically described, and as the property stood of record in her name, and her ownership so disclosed was relied upon, and the record establishes beyond doubt that this was the note and that it was secured by this deed of trust, the contention is without merit.

2. No applicable authority on this point is cited. If the wife owned the home, as the record proclaimed, where would one expect to find the husband residing if not there? His presence was notice of nothing more than that their relations were probably amicable. In any event Farley could have no greater interest than his wife and, since we conclude she has none, his claims require no further consideration.

3. That, under the facts here presented, Mrs. Farley's "homestead" is impotent as against the fore-

closure of her deed of trust, even if its waiver thereof had been omitted, has recently been decided by this court in a carefully considered case and further examination and discussion here would be futile. *Bean v. Eves,* 92 Colo. 339, 20 P. (2d) 544.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BOUCK concur.