No. 14,675.

CHAPIN LUMBER COMPANY *v.* DAY.
(103 P. [2d] 14)

Decided May 6, 1940. Rehearing denied June 3, 1940.

Mr. C. L. HARRISON, for plaintiff in error.

Mr. J. W. KELLEY, Mr. CHARLES E. COUGHLIN, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

IN 1928 plaintiff in error obtained a judgment against defendant in error, Rose G. Day, and James L. Day, her husband which remains unsatisfied. In 1937 Mrs. Day became the owner of real property in Jefferson county which she declared to be her "true home and homestead" for that she "did cause the word 'homestead' to be entered in the margin of the record title to the * * * real estate." She and her husband lived on the property so entered until his death in 1939 and she and an adult son have continued to live thereon since that time. After the death of the husband plaintiff in error levied upon the property and Mrs. Day asserted her claim of exemption because of the homestead entry. The trial court sustained the claim.

The regularity of the homestead entry is admitted as is the fact that the property was exempt as a homestead as long as the husband lived. The position of plaintiff in error is that when the husband died the property lost its character as a homestead and may be levied upon by the wife's creditors, for she has become a single person and is not the head of a family within the provisions of section 23, chapter 93, '35 C.S.A. Defendant in error asserts, however, that under section 26 of that chapter the homestead continues to exist. This section reads: "When any person dies seized of a homestead, leaving a widow, or husband, or minor children, such widow, or husband, or minor children, shall be entitled to the homestead; but in case there is neither widow, husband, nor minor children, the homestead shall be liable for the debts of the deceased."

■■ Plaintiff in error argues very earnestly that the words "When any person dies seized of a homestead" precludes Mrs. Day's claim, because, since Mrs. Day was the owner of the property, her husband was not "seized" of it when he died. This position would have merit were we to give to the word "seized" its precisely technical, feudal meaning. It cannot, however, be so construed as used in the act under discussion. Our duty is to give the statute a liberal construction, to the end that its purposes will be fulfilled. *Barnett v. Knight,* 7 Colo. 365, 3 Pac. 747; *Wright v. Whittick,* 18 Colo. 54, 31 Pac. 490; *Leppel v. Kus,* 38 Colo. 292, 88 Pac. 448. If we ascribe to the word "seized" the construction urged, we find that if Mr. Day had lived and Mrs. Day had died, he would have been entitled to the homestead, while in the reverse situation the privilege is denied her. We cannot subscribe to the belief that the legislature intended such an absurdity, and prefer to interpret the statute so that its true purpose and intent will be effectuated. *Slater v. Fire and Police Board,* 43 Colo. 225, 231, 96 Pac. 554; *Sheely v. People,* 54 Colo. 136, 138, 129 Pac. 201. In our opinion the proper construction of section 26 is that where a husband and wife occupy a homestead, the death of either does not destroy the homestead right so long as the survivor shall reside upon the property. The word "seized," therefore, as used in that section, must be taken to mean simply the right of possession which inheres in both husband and wife in the case of a homestead. It has and can have, if the will of the legislature is to be carried out, no reference to which of the spouses has the title to the land.

Let the judgment be affirmed.

MR. JUSTICE YOUNG and MR. JUSTICE KNOUS concur.