## No. 14,918.

### CRAIG LUMBER COMPANY *v.* RAMEY.
(119 P [2d] 608)

Decided November 17, 1941.

Mr. J. F. MEADOR, for plaintiff in error.

Mr. E. G. VANATTA, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties are hereinafter referred to as the company and Mrs. Ramey, respectively; and the latter's former husband as Ramey.

We need not specifically examine the assignments. The primary question presented is, Has an elderly woman lost the protection of her homestead exemption, duly reserved by marginal record entry, because no longer "head of a family"; her children having grown, married and established homes of their own? She says, No, and the trial court sustained her. The company says, Yes, and brings the judgment here for review. Two tracts are involved, the first hereinafter referred to as tract No. 1, an original homestead entry. The second as tract No. 2, an "additional" homestead entry.

The debt in question was contracted during the years 1928, '29, and '30. In 1928 Ramey, theretofore intermittently absent, finally deserted his family. He had entered tract No. 1 and taken up his residence thereon with his wife and children a considerable time prior to the date first above mentioned, and Mrs. Ramey had continued her residence to the time of judgment. December 29, 1930, the Rameys gave a note, due two years later, in settlement of the account. February 26, 1931, the final receiver's receipt for tract No. 1 was issued and patent followed June 16, 1931. Receipt and patent were issued in the name of Ramey, but Mrs. Ramey had made the improvements, kept up the residence, and made her proof as a deserted wife. July 21, 1932, Mrs. Ramey made the marginal homestead exemption on the record of the receiver's receipt. August 16, 1933, Ramey executed a warranty deed to Mrs. Ramey for tract No. 1 and on the same day she made marginal entry of her exemption on the record of that deed. In 1934 she obtained a decree of divorce and has not since remarried. August 9, 1934, the company obtained a judgment on the note above mentioned. March 25, 1937, Mrs. Ramey

obtained receiver's receipt for tract No. 2, and on June 2, following, made marginal entry of homestead exemption on the record thereof. Patent was issued to her in 1938. August 12, 1940, the sheriff, by virtue of an alias execution, served upon Mrs. Ramey notice of levy on both tracts to satisfy the company's judgment, and four days later she duly filed her claim of exemption under both state and federal statutes. The total value of the two tracts is less than $2000. Mrs. Ramey has continued in possession thereof and has no other property. Her six children, reared in the home, have married and established homes of their own, but are with her at intervals, some of them having resided there for considerable periods, particularly during the summer.

The court found the second tract exempt under the federal act because the receiver's receipt had not been issued at the time the debt was contracted. He found the first tract not exempt under the act because Mrs. Ramey obtained title thereto from her husband by the deed above mentioned. He found the marginal entries made according to law and that because of said entry of August 16, 1933, tract No. 1 is exempt to her under the state statute and because of said findings directed a release of the levy on both tracts and adjudged "that the title to said property is hereby quieted as against said judgment."

The federal statute provides: "No lands acquired under the provisions of the homestead laws and laws supplemental and amendatory thereof shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." R. S. Sec. 2296. Sec. 175 Title 43 "Public Lands" U.S.C.A.

The state statute provides: "Every householder in the state of Colorado, being the head of a family, shall be entitled to a homestead not exceeding in value the sum of Two Thousand Dollars, exempt from execution and attachment, arising from any debt, contract or civil obligation, entered into or incurred after the first day

of February, in the year of our Lord one thousand eight hundred and sixty-eight." '35 C.S.A., c. 93, §23. Section 24, following, provides for the reservation by marginal entry as was here done.

That Mrs. Ramey was entitled to her exemption of both tracts under the state statute is beyond question. We need not here examine numerous decisions of this and other jurisdictions, cited by her counsel in support of that contention, because shortly after the decision of this case below we reviewed here a judgment involving this identical contention of "no longer the head of a family," and in an opinion by Mr. Justice Hilliard, then chief justice, sustained the position here taken by Mrs. Ramey. *Chapin Lumber Co. v. Day,* 106 Colo. 194, 103 P. (2d) 14. Moreover, we doubt not the applicability of the federal act to tract No. 1. Mrs. Ramey's original interest therein arose, not from her husband's deed, but from his homestead entry, and her succession as a deserted wife and the head of the family he left behind. The judgment was a joint judgment on a joint debt contracted prior to the issuance of the patent. Since the primary purpose of this act is the protection of the family and an abandoned wife may make proof in the name of her husband, that purpose would be frustrated if immediately upon such proof an execution could be levied.

Our conclusion therefore is that both tracts were exempt under both acts.

Let the judgment be so modified and as thus modified affirmed.

MR. JUSTICE YOUNG, MR. JUSTICE KNOUS, and MR. JUSTICE HILLIARD concur.