Matter of Henry HAAS, Bankrupt.
Henry HAAS, Bankrupt, Petitioner,
v.
Herbert W. DE LANEY, Jr., Respondent.
No. 20902.

United States District Court
D. Colorado.
Sept. 18, 1958.

Vincent Cristiano, Cristiano & Bugdanowitz, Denver, Colo., for petitioner.

John J. Gaudio, Denver, Colo., for respondent.

KNOUS, Chief Judge.

This matter stands on the petition of the bankrupt to review an order entered by the Referee in Bankruptcy on March 12, 1958, denying the statutory homestead exemption claimed by bankrupt.

An agreed statement of facts discloses that the property involved has been the home of bankrupt from the time he acquired it on November 21, 1950. His wife resided with him in the property from the time of their marriage in May, 1951 until October, 1953 when, without fault on the part of the bankrupt, she deserted him and has not been heard from since. The bankrupt has not divorced her nor, to his knowledge, has she divorced him. No children or persons related to him, other than his wife, have ever lived with him at the premises here involved.

Petitioner filed a homestead entry on this property on January 22, 1958 and subsequently filed his petition in bankruptcy on February 1, 1958, wherein he claimed the homestead exemption in and to the property.

The Referee, in a memorandum opinion on bankrupt's objections to trustee's report of exempt property, upheld the trustee's view that under the facts stated, the provisions of the homestead statute ('53 C.R.S. 77–3–1 et seq.) did not extend to the bankrupt for the reason that at the time of filing the homestead entry and at the time of bankruptcy he was not the head of a family. The conclusion of the Referee that the bankrupt was not the head of a family and therefore not entitled to make or claim a homestead exemption rested on the fact that the wife had been absent at the time of filing, for more than four years, and that no family existed so as to make the bankrupt liable for the wife's expenses under the provisions of '53 C.R.S. 43–1–10 and the cases decided thereunder, Denver Dry Goods Co. v. Jester, 60 Colo. 290, 152 P. 903, L.R.A. 1917 A, 957; O'Brien v. Galley-Stockton Co., 65 Colo. 70, 173 P. 544.

The question to be resolved is whether under the facts herein, petitioner was the head of a family when the homestead entry was filed and at the time of bankruptcy and, therefore, within the purview of the homestead statute, supra.

There seem to be no Colorado decisions directly in point. However, in other jurisdictions it generally has been held that a husband does not cease to be the head of a family, in the eyes of the law, by reason of his wife's desertion. As such head, he retains the home to which his wife may return, while the marriage relation exists, and although he has no family but his wife, the marital relation and his duty to support still exist. She is still his wife and has the right to require him to perform his duty, and they may yet be reconciled and live together. The fact that a husband does not in fact support his wife does not deprive him of his legal rights as the head of a family. 26 Am.Jur., "Homestead," § 204, p. 126; 40 C.J.S. Homesteads § 24d, p. 450. Therefore, the desertion of a husband by his wife without cause will not deprive him of his right of homestead in the premises occupied by him if he continues to occupy them as such. 40 C.J.S. Homesteads § 159, p. 635; 26 Am.Jur., "Homestead," § 204, p. 126.

This view is not contrary to the letter and spirit of the Colorado homestead law. The decisions in this jurisdiction uniformly hold that the homestead and exemption laws are not in derogation of the common law and are

to be liberally construed for the purpose of giving effect to the beneficent object in view. Edson-Keith & Co. v. Bedwell, 1912, 52 Colo. 310, 122 P. 392; Brooks v. Black, 1912, 22 Colo.App. 49, 123 P. 131; Chapin Lumber Co. v. Day, 1940, 106 Colo. 194, 103 P.2d 14; Helkey v. Ashley, 1945, 113 Colo. 175, 155 P.2d 143; Wallace v. First National Bank of Colorado Springs, 1952, 125 Colo. 584, 246 P.2d 894. The primary purpose of the statute is to place the property designated as a homestead out of the reach of creditors while occupied as a home. Helkey v. Ashley, supra; Wallace v. First National Bank, supra. And this is so even though the designation of the property as a homestead occurred "after the debt was contracted, and immediately before the creditor had attached or levied upon the property, and though the debtor had no other property liable for his debt." McPhee v. O'Rourke, 1887, 10 Colo. 301, 15 P. 420, 423, cited in Howell v. Burch Warehouse & Transfer Co., 1937, 100 Colo. 247, 67 P.2d 73; also see Jones v. Olson, 1902, 17 Colo.App. 144, 67 P. 349.

A homestead exemption was upheld in a case of a divorced woman who had been deserted and did not remarry, in Craig Lumber Co. v. Ramey, 1941, 108 Colo. 516, 119 P.2d 608. And alienation or encumbrance of a homestead can be accomplished only with the consent and joinder of husband and wife, where required by statute and when both are living, even where one spouse has separated from the other. Wise v. Thomas, 1947, 117 Colo. 376, 188 P.2d 444.

Respondent cites Monte Vista Bank & Trust Co. v. Savage, 75 Colo. 180, 225 P. 219, wherein on the issue of abandonment of the homestead, the court by way of dictum states that the right to homestead terminates when the debtor ceases to be the head of a family by death or the permanent removal from the premises of all the dependent members or upon their reaching the age of majority. However, the facts of that case distinguish it from the controversy confronting the Court herein. There, the wife had left the husband and the state and had never subsequently lived on the property for which *she* claimed a homestead exemption. Thus, the rule in Monte Vista Bank & Trust Co. v. Savage, supra, if controlling at all pertains to a situation where the *deserting spouse* returns to claim the homestead exemption. Also see to this effect 40 C.J.S. Homesteads § 159, page 634, at page 635: "Where the wife abandons the husband without just cause and without intent to return to him, her rights in his homestead property are thereby abandoned or forfeited."

The definition of head of family cited by counsel in '53 C.R.S. 137–1–14 relating to the general property tax of the state not only is inapplicable to the homestead provisions but has been repealed by L. 57, p. 802 § 1. And of course, the fact that petitioner may not be legally liable for his wife's necessities under '53 C.R.S. 43–1–10, entitled "Joint liability for family expenses" has no application to the homestead provisions, their purpose and effect, as has been stated above.

In consideration of the foregoing, the Court is of the opinion that the Referee was in error in concluding and holding that the bankrupt was not entitled to a homestead exemption under the applicable law of the State of Colorado. Accordingly, it is

Ordered and adjudged that the petition for review be allowed and the cause remanded to the Referee with instructions to vacate the Order of March 12, 1958, here in review, and to enter an order allowing the homestead exemption claimed by the bankrupt.