Opinion by
Mr. Justice Sutton.
Defendant in error, Mountain Savings and Loan Association, brought an action in unlawful detainer to require plaintiffs in error, Ray and Nona Ruth Johnson, to vacate certain premises in Adams County, Colorado, to which the Association claimed title. The Johnsons filed a cross-claim urging that foreclosure of the deed *476 of trust, by which the Association gained, title, was invalid because of their asserted homestead rights. After the case was at issue the Association made a motion for summary judgment. It attached certain exhibits to its motion consisting of copies of the warranty deed with a homestead exemption noted on the margin, the deed of trust and the order of sale. The court thereafter granted this motion and entered judgment for the Association.
On writ of error the Johnsons urge the following for reversal:
(1) The trial court improperly considered the exhibits attached by the Association to the motion for summary judgment;
(2) There were unresolved issues of fact raised by the answer;
(3) There were unresolved issues of fact raised by the cross-complaint; and,
(4) The court misconstrued the facts and law pertaining to homestead provisions.
The facts, as shown by the exhibits attached to the motion, are that on July 7, 1961, the Johnsons executed a deed of trust on the property in question. In that document the stock words “waives homestead exemption” were apparently stricken by being lined out. The warranty deed to the property from one Hendrickson to the Johnsons was recorded on July 10, 1961, and on that date the Johnsons entered their homestead exemption on the margin of the deed. The deed of trust was not recorded until July 17, 1961. The essence of the Johnsons’ claim is that there existed a homestead exemption which superseded the deed of trust. We find no merit to this contention.
The Johnsons first contend that the exhibits which were attached to the Association’s motion for summary judgment could not properly be considered by the court since they were not certified and were not accompanied by an affidavit identifying them. R.C.P. *477 Colo. 56 provides for motions for summary judgment to be made with or without accompanying affidavits and provides for sworn or certified copies of all pertinent papers which are referred to in the affidavits to accompany the motion. While technically it is an error not to have certified the papers attached to this motion, we find that the Johnsons have waived any objection to the lack of certification by their reliance upon two of these exhibits, the warranty deed and the deed of trust, as bases for their position and for their writ of error. They cannot now complain of lack of authenticity or certification. See Wigmore on Evidence §§ 1297 and 2132.
The Johnsons5 second and third points of error are also without merit. No issue of fact was presented and the case, therefore, was properly disposed of on summary judgment. The only viable issue presented is the fourth point of error, i.e., the legal effect of striking the words in the deed of trust and of recording the homestead exemption on July 10, 1961.
C.R.S. 1963, 77-3-2 sets forth two methods of creating a homestead exemption, viz., the filing of an instrument in writing stating that the owner is homesteading the property; and, the marginal entry on the recorded deed of the word “homestead.55 Striking of the words “waives homestead exemption55 in the deed of trust cannot create the exemption. A valid exemption can be created only by those methods provided by statute. Crawford v. Felkey, 73 Colo. 444, 216 Pac. 520 (1923); Leppel v. Kus, 38 Colo. 292, 88 Pac. 448 (1906). The fact that these words were striken when the trust deed was signed on July 7, 1961, in and of itself, can have no legal effect on the controversy before us. Those words, when in such an instrument, usually apply when there is an already existing homestead exemption on record and have no application to a purchase money situation as here presented.
The question as to whether a homestead recorded after a deed of trust has been executed will have any *478 effect on foreclosure of the trust deed has been decided by this court in Bean v. Eves, 92 Colo. 339, 341, 20 P.2d 544 (1933). There we said:
“* * * When the trust deed was given plaintiff’s homestead entry had not been made, * * *. It is the entry that gives potency to the right, and until avail is made of the statute in the manner provided, the right is inchoate, incomplete, not full, hence not to be preferred over a lawful, definite and specific lien previously established.”
See also Helkey v. Ashley, 113 Colo. 175, 155 P.2d 143 (1945); Farley v. Harvey, 93 Colo. 105, 25 P.2d 185 (1933); Wells v. Caywood, 3 Colo. 487 (1877).
Although it is urged that this homestead entry was recorded prior to the recording of the deed of trust and that subsequent purchasers would be bound by the entry, such a rule has no application in the instant case for it cannot control as to the initial parties. The date of execution of the documents is the controlling factor as to them. See 45 Am. Jur., Records and Recording Laws § 141.
In our view summary judgment was properly entered in favor of the Mountain Savings and Loan Association. No homestead exemption came into existence until three days after the trust deed was executed, and that exemption can, therefore, as between these parties have no effect upon the lien created by the prior trust deed.
The judgment is affirmed.
Mr. Chief Justice Moore, Mr. Justice Pringle and Mr. Justice Kelley concur.