**In re Jo Ann Valera WELLS, aka Jo Ann V. Wells, Debtor.**

**Jo Ann Valera WELLS, aka Jo Ann V. Wells, Plaintiff,**

**v.**

**WEST GREELEY NATIONAL BANK, a National Banking Association, Defendant.**

**Bankruptcy No. 83 B 00135 J. Adv. No. 83 J 0531.**

United States Bankruptcy Court, D. Colorado.

May 6, 1983.

George Philip Bryson, Longmont, Colo., for debtor/plaintiff.

John J. Barry of Karowsky, Witwer & Oldenburg, Greeley, Colo., for the West Greeley National Bank.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the objection by West Greeley National Bank (Bank) to the Debtor's Claim of Exemption and the Debtor's Complaint to void the lien of the Bank under 11 U.S.C. § 522(f).

The issue in both cases is whether, and to what extent, the Debtor is entitled to claim a homestead exemption in a duplex, half of which she occupies as her residence and half of which she rents to an unrelated third party. The Bank has claimed that the homestead exemption should only apply to the half of the equity in the duplex attributable to the half in which the Debtor lives. Therefore, the Bank contends that the Debtor is not entitled to void its entire lien under § 522(f) and that its secured claim is thereby improperly valued in the Chapter 13 Plan.

The evidence showed the following. The Debtor purchased the duplex in April, 1980, and has continuously occupied one of the living areas since that date. She rented the other half of the duplex almost immediately after purchasing it, and the same tenant has remained there to date. The Debtor and her tenant have a month-to-month lease arrangement. The tenant pays his own utilities, except water, and the Debtor pays for water and trash removal. The lights and gas are on separate meters to the separate living spaces, but the water is on one meter to the whole building. There are two mortgages on the entire property, and taxes are assessed on the property as a single unit.

The applicable statute, § 38–41–201, C.R.S.1973, provides:

Every homestead in the state of Colorado occupied as a home by the owner thereof or his family shall be exempt from execution and attachment arising from any debt, contract, or civil obligation not exceeding in value the sum of twenty thousand dollars in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon.

What may comprise a homestead is set forth in § 38–41–205, C.R.S.1973:

The homestead mentioned in this part 2 may consist of a house and lot or lots or of a farm consisting of any number of acres.

Colorado courts have expressed a policy of broad and liberal interpretation of the homestead exemption. *Dallemand v. Mannon*, 4 Colo.App. 262, 35 P. 679 (1894). In *Hass v. Delaney*, 165 F.Supp. 488 (D.Colo. 1958), the court discussed the interpretation and purpose of the homestead exemption as follows:

The decisions in this jurisdiction uniformly hold that the homestead exemption laws are not in derogation of the common law and are to be liberally construed for the purpose of giving effect to the beneficial object in view [citations omitted]. The primary purpose of the statute is to place the property designated as a homestead out of the reach of creditors while occupied as a home.

165 F.Supp. at 459–490.

It has been said that the Colorado homestead exemption is limited only by amount

and occupancy. In *Dallemand v. Mannon, supra,* the Colorado Court of Appeals stated:

> It will be seen that the benefits of the act are extended to every householder, being the head of a family, without qualification, except as to the value and occupancy. The homestead must not exceed in value $2,000, and is exempt only while occupied by the owner or his family. As to the character or extent of his title the statute is entirely silent. It has been repeatedly, and in so far as we know, uniformly held, that an ownership in fee is not essential; that ... any title which may be the subject of levy and sale, may also be the subject of a homestead claim.

4 Colo.App. at 266–267, 35 P. 679.

The *Dallemand* case also addressed the effect of a lease of the portion of the premises in which the exemption was claimed. In this regard, the court stated that:

> [A] relinquishment of possession to a tenant for a definite period, the reversion remaining in the lesser, would have no effect upon [the lessor's] homestead rights. Mannon, although he leased a portion of the premises, still continued to reside upon the property. It would have made no difference if he had not. Notwithstanding the lease, his homestead exemption was intact.

4 Colo.App. at 268–9, 35 P. 679.

Clearly, in this case, the Debtor has retained an interest in the half of the duplex that she rents out. In fact, the reversionary interest is substantial, since the Debtor could, at any time, upon giving property notice, retake possession of the premises. And, I think it is further without a doubt that the interest of the Debtor in the rented half of the duplex could be reached by a creditor in execution of a judgment. Therefore, it is in accord with the liberal construction of the homestead statute and with the principals set forth in *Dallemand, supra,* that I find that the rental part of the duplex does not impair her right to exempt the equity in the entire structure. The Debtor is entitled to claim any equity in the property considered as a whole; up to $20,-000, as exempt under § 38–41–201.

The Debtor occupies a portion of one structure, situated on one lot, treated as a single unit for the purpose of the Debtor's tax and mortgage liabilities. It would not make sense to split the property into two separate units for the purpose of the homestead exemption.

As has been previously held by this Court in an unpublished opinion by Judge McGrath, "There is no provision in the Colorado statute for splitting a homestead." *In re Meyer,* No. 82 B 01763 Mc, unpublished Nov. 26, 1982.

Further, the likely result of holding half of the equity in the property non-exempt would be the sale of the entire property to realize on that equity. Then the Debtor would be without the residence which she had occupied for 3 years, regardless of the fact that the equity in the property was less than $20,000.00. That result would frustrate the purpose of the statute.

THEREFORE, IT IS ORDERED that the lien of West Greeley National Bank is void.

FURTHER ORDERED that the Bank's Objection to the Claim of Exemption is denied.