**IN RE: Jacob A. SOLES, Raeanne Soles, Debtors.**

**Bankruptcy Case No. 12–32042 EEB**

United States Bankruptcy
Court, D. Colorado

August 8, 2013

Sean M. Cloyes, 415 W. Bijou St., Colorado Springs, CO 80905, (719) 520–0003,

719–448–9481 (fax), shelley@kcklaw.com, for Debtors.

Chapter 7

## ORDER OVERRULING EXEMPTION OBJECTION

Elizabeth E. Brown, Bankruptcy Judge

THIS MATTER comes before the Court on the Objection to Debtors' Claim of Exemption ("Objection"), filed by the chapter 7 trustee ("Trustee"), the Debtor's response, and legal briefs filed by both parties. The Court having reviewed the filings and being otherwise advised of the premises hereby FINDS and CONCLUDES:

## I. BACKGROUND

The following facts are undisputed. Debtors filed their bankruptcy petition on October 25, 2012. On Schedule A, Debtors listed their residence at 523 Park Hill, Palmer Lake, Colorado, which they purchased in 1991 ("Property 1"). Property 1 is comprised of three lots, described as Lots 17–19. Debtors also separately scheduled a lot that is adjacent to Property 1, described as Lot 20 ("Property 2"). The Debtors jointly own Property 2 with their neighbor, William Fenton. Mr. Fenton purchased Property 2 in 1994, and then conveyed his interest in it to himself and Debtors. Property 2 sits between Debtors' home (Property 1) and Mr. Fenton's home. It is vacant, has no improvements, and has never been rented out or otherwise generated income for the Debtors. Debtors claim a homestead exemption for both Property 1 and Property 2.

The Trustee filed an objection to Debtors' claim of exemption for Property 2. In her objection, the Trustee argues Property 2 is not part of Debtors' homestead because it was purchased after Debtors purchased their residence and because it was originally purchased by Mr. Fenton. In her supporting brief, the Trustee concedes that Debtors' joint ownership of Property 2 with a non-debtor does not prevent Debtors from claiming the exemption, so long as they occupy the property as a home as required by the homestead exemption statute. *See Univ. Nat'l Bank v. Harsh,* 833 P.2d 846, 847 (Colo.App.1992) (permitting joint owner to claim homestead exemption). Trustee argues Debtors do not occupy Property 2 as a home, but instead only occupy Property 1. Debtors contend that the language of the homestead exemption, which must be construed in their favor, is broad enough to cover both Properties.

## II. DISCUSSION

■ The Colorado homestead exemption provides in relevant part that:

Every homestead in the state of Colorado shall be exempt from execution and attachment arising from any debt ... not exceeding in actual cash value in excess of any liens or encumbrances on the homesteaded property in existence at the time of any levy of execution thereon:

(a) The sum of sixty thousand dollars if the homestead is *occupied as a home* by an owner thereof or an owner's family....

Colo.Rev.Stat. § 38–41–201(1)(a) (emphasis added). Another section of the statute reiterates that the exemption is limited such that a homestead is only exempt "while *occupied as a home* by the owner thereof or his family." Colo.Rev.Stat. § 38–41–203 (emphasis added). The Trustee focuses on the phrase "occupied as a home" as a reason for denying the exemption, arguing Debtors do not actually occupy Property 2 as a home.

This Court previously interpreted the phrase "occupied as a home" in *In re*

*Patterson,* 275 B.R. 578 (Bankr.D.Colo. (2002)). In that case, the debtors did not physically reside in the house they claimed as a homestead on the petition date and had been absent from the house for various periods in the years leading up to the petition date. This Court held that the debtors were nonetheless entitled to claim a homestead exemption, stating that "the fact that the debtor lives elsewhere or intends to live elsewhere on the petition date does not conclusively establish the loss of the exemption." *Id.* at 585. Rather, a presumption of abandonment arises from the lack of occupation, which can be rebutted with evidence that the removal was temporary in nature, for a specific purpose, and with the intent to reoccupy. Since the debtors never intended to permanently abandon their homestead, they could claim the homestead. *Id.* at 585–86.

Other courts have applied the "occupied as a home" requirement to prevent a party from claiming a homestead exemption in property he or she has ceased to occupy or never occupied as a home. *See Old Republic Nat'l Title Ins. Co. v. Kornegay,* 292 P.3d 1111, 1119 (Colo.App.2012) (denying homestead exemption to claimant incarcerated out of state who presented no evidence he ever occupied the property in question). The requirement has also been applied to prevent a homestead exemption from applying to property the claimant uses for some purpose other than a residence, such as a property that is merely used as a hobby or tax shelter. *See Harwell v. Martinez (In re Harwell),* 2008 WL 410590, at *4 (D.Colo. Feb. 13, 2008) (holding debtor could not claim homestead exemption for mountain ranch which was hobby and tax shelter, where evidence showed debtor resided with his family in a house in another city).

▮ In this case, there is no dispute that Debtors occupy Property 1 as their residence. They have never abandoned the property and there is no evidence that Debtors have ever used it for any other purpose than as a residence. With the addition of Property 2, Debtors increased the acreage of their residence, but not their usage of it. There is no evidence that Debtors have used Property 2, which is vacant, as anything other than as part of their residence. The Trustee suggests that Property 2 is not occupied as a home because Debtors' actual house is on a different lot, and because Property 2 was deeded to them separately from Property 1. The Court does not read Colorado's homestead exemption so narrowly. Rather, the statute specifically provides that a homestead may "consist of a house *and lot or lots* or of a farm *consisting of any number of acres.*" Colo.Rev.Stat. § 38–41–205 (emphasis added). This language clearly permits a homestead to consist of more than one lot, and that any number of lots surrounding a house may considered to be part of the homestead. There is no requirement that the homestead consist of one parcel or legal description, or that all lots be purchased at the same time, or that a house touch every lot. Indeed, although the Debtors' house presumably took up only a portion of one of the three lots that make up Property 1, the Trustee was apparently nevertheless satisfied that Debtors "occupied" the other two lots of Property 1 within the meaning of the statute. The Court sees no reason to conclude that they do not also "occupy" Property 2 in the same sense.

The Tenth Circuit Bankruptcy Appellate Panel ("BAP") dealt with similar arguments in *Kwiecinski v. Cmty. First Nat'l Bank of Powell (In re Kwiecinski),* 245 B.R. 672 (10th Cir. BAP 2000). In that case, the debtors sought to claim a homestead exemption under Wyoming law for a 60–acre tract of unimproved farmland,

which was contiguous to a 20–acre tract on which their residence sat. Similar to Colorado's law, the applicable Wyoming homestead exemption statute provided that "[t]he homestead is only exempt . . . while occupied as such by the owner," and that "[t]he homestead may consist of a house and lot or lots in any town or city, or a farm consisting of any number of acres. . . ." *Id.* at 675 (quoting Wyo. Stat. Ann. §§ 1–20–102 and 1–20–104). The lower court ruled that the debtors could not claim a homestead exemption for the adjacent farmland because the debtors did not reside on that tract. The BAP reversed, holding that the lower court had interpreted the statute too narrowly. The BAP noted:

> We see nothing in these statutes that might limit a Wyoming homestead in the manner the bankruptcy court did in this case. Instead, § 1–20–104 suggests that separate tracts can constitute a single homestead by stating that a homestead may be "a house and lot or lots in any town or city." This does not say that some part of the house must be physically located on every lot that is covered by the homestead right. Certainly adjacent lots could be purchased at different times under different deeds without the resulting homestead violating the literal language of the statute. Similarly, nothing in the phrase "a farm consisting of any number of acres" suggests that all the acres had to be obtained under a single deed. The bankruptcy court's interpretation of the Wyoming homestead statutes does not seem to be required by the language or to constitute a liberal construction that "effect[s] their beneficent purposes."

*Id.* at 675–76 (citing *Pellish Bros. v. Cooper,* 47 Wyo. 480, 38 P.2d 607, 609 (Wyo. 1934)).

■■ The Court likewise finds nothing in Colorado's statute to support the Trustee's narrow interpretation. Courts in Colorado have "expressed a policy of broad and liberal interpretation of the homestead exemption." *In re Wells,* 29 B.R. 688, 689 (D.Colo.1983). The purpose of the Colorado homestead exemption is "to preserve the home for the family," *Fleet v. Zwick,* 994 P.2d 480, 482 (Colo.App.1999), as well as to "secure the permanent habitation of the family," and "to cultivate the interest, pride, and affection of the individual," *Matter of Estate of Dodge,* 685 P.2d 260, 263 (Colo.App.1984). Keeping these policies in mind, the Court concludes Debtors are entitled to claim a homestead exemption for both Property 1 and Property 2.

## III. CONCLUSION

For the all reasons discussed above, the Trustee's Objection is OVERRULED.