## BALANCED ROCK SCENIC ATTRACTIONS, Inc., v. TOWN OF MANITOU.
### No. 133.

Circuit Court of Appeals, Tenth Circuit.
Jan. 29, 1930.

Fred S. Caldwell, of Denver, Colo., for appellant.

C. W. Dolph, of Colorado Springs, Colo., for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

The appellant complains of a dismissal of a bill it filed against the town of Manitou to have a vacation deed of its grantor, Curt P. Goerke, decreed to lawfully vacate the Balanced Rock road, a public highway, thirty feet wide, meandering across appellant's lands, within the corporate limits of the town, and to have its title thereto quieted as against an easement which the town claims in those lands, by virtue of that highway.

The appellant alleges its lands consist of five contiguous blocks, tracts, or parcels, ranging from five to forty acres in area, described as subdivisions of a quarter section of land, according to government survey; that the town claims the right to maintain the road for public travel, but it had been lawfully vacated by a deed of Goerke, appellant's immediate grantor, dated December 19, 1927, and now of record; that the lands are valuable for their natural scenic attractions, chiefly Balanced Rock and Steamboat Rock; that appellant, if permitted to commercialize them, would obtain revenues therefrom and that to do so it is necessary to establish admission gates at the termini of the road, but the town wrongfully refuses to permit this, or the exclusion of the public from said lands. It is also alleged that the highway is not required for travel, because of the Lennon Park road, built and maintained by Colorado Springs, and the Becker Lane road, built and dedicated by Goerke to the defendant.

The answer of the town alleges that appellant's land does not consist of blocks but are unplatted tracts or parcels, and the road does not cause damage to appellant or interfere with its property rights; that the Colorado Assembly had no power to and did not authorize the vacation of the road; that the highway has been used by the general public for travel since 1873, and it was settled as such by a recorded contract between Goerke

and the town, conveying the highway to the town, and by a final adjudication in a suit of the town against Goerke, in the district court of El Paso county, Colo.; that the Lennon Park road is not as convenient as the road in question; and that the Becker Lane road, although long in public use, has not been accepted by the town.

The cause was heard and we advert to the proofs. Appellant owns the five tracts described in the bill. The Balanced Rock road, in question, was laid out in 1873 and then known as Bell's Trail. It extends through those tracts with its termini thereon, and is traveled extensively, far more in summer than in winter, chiefly for the purpose of viewing the scenic attractions on the land—the Balanced Rock, Steamboat Rock and other nearby formations. Appellant, if permitted, will place toll gates at the south terminus of the road a short distance west of the Becker Lane road, but is forcibly prevented by the town from installing the barriers and in that way commercializing the attractions. No other landowner has used the road in going to or from his property. The road has not been used by the public except for travel to appellant's land and to and from Manitou and the Garden of the Gods, but Becker Lane road also open and travelled is sufficient therefor. It is claimed to be necessary for the town of Manitou and its convenience. The land of appellant is within the corporate limits of Manitou, but is open, unplatted, and without municipal improvements. The value of the attractions with the road closed is $75,000 to $100,000, but with it open is $12,000 to $15,-000. A contract of Curt and Ida Goerke with the town of Manitou was made on June 1, 1915, in settlement of their disputes, and included a grant of the Balanced Rock road to the town, for highway purposes, with a reversion to the owner in case of nonuser. On October 8, 1923, a decree was rendered in the El Paso county district court in a suit between the town and Goerke adjudicating a part of that road to be a public highway.

■ The contract and adjudication were sufficient to grant an easement for the right of travel on the Balanced Rock road. But they are inconclusive, as the legislative assembly of Colorado had full control over the vacation of the highways in the state, however established, in the absence of constitutional restriction. 29 C. J. 517; 44 C. J. 893; citing Lockwood v. City of Portland (C. C. A.) 288 F. 480; Atchison, T. & S. F. R. Co. v. Shawnee (C. C. A.) 183 F. 85, and many other cases. No such restriction has been imposed.

The controversy in the case is, therefore, whether by legislation appellant's grantor was authorized to vacate the road in question. The convenience and utility of other roads has no bearing on the case.

Appellant relies on section 2 of an act passed in 1889 (Laws 1889, p. 462), section 6521, R. S. 1908. That section was amended in 1909 (Laws 1909, p. 510) by re-enactment of its provisions, with certain additions. Sec. 9074, Comp. L. 1921. The new section, with those additions, substantially printed in italics, reads as follows:

"Section 2. Any person or persons being the sole *owner or* owners of all of the lots contained within any block in any city, town or village or any town site or any lands platted and subdivided into lots *or blocks, whether such lands are within the limits of any municipal corporation, or not,* may, by deed duly acknowledged and recorded in the office of the recorder of the county within which such premises are situated, vacate the alley contained within such block; and any person or persons being the sole *owner or* owners of all of the lands included within any town site, or lands laid out as a town site, or any addition to or subdivision of any city or town, or any part of *any* city, town, *village,* town site, addition or subdivision *or lands platted into lots or blocks, whether such lands or any part thereof are within the limits of any municipal corporation, or not* consisting of not less than four blocks adjacent to each other, may, by like deed vacate *or alter* all that part of the streets and alleys which are wholly included within such city, town, *village,* town site, addition or subdivision *or lands platted into lots or blocks* or which lie wholly within the exterior lines of such blocks of *such platted lands.* This act shall apply to all cities and towns whether incorporated under the general law or any special act *and to all lands which are laid out or which shall hereafter be laid out into lots or blocks, whether such lands or any part thereof, are included within the limits of any municipal corporation or not.*"

■■ A construction of the section by the state Supreme Court would control as to its meaning. But none has been cited or found, and for that reason we are required to construe the section independently. It is to be understood as if it had been originally enacted in its amended form. Blair v. Chicago, 201 U. S. 400, 26 S. Ct. 427, 50 L. Ed. 801; 36 Cyc. 1165.

■■ The supposed uncertainty of this statute is whether it applies to appellant's lands. A fundamental guide to construction is that

the intention of the Legislature should be ascertained and given effect. 36 Cyc. 1106. Statutes are to be given a reasonable construction with a view to effecting their objects and purposes. Low Wah Suey v. Backus, 225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165. The manifest general purpose of the section was doubtless to give owners of land within or without the limits of a municipality a privilege of vacating streets and alleys not needful for the inhabitants thereof as avenues of travel.

The first sentence of the section clearly enables the exclusive owners principally concerned in blocks to vacate alleys extending through them. The second sentence is broader in terms and object, and confers the power on the owners of certain classes of lands, there described, to vacate or alter the streets or alleys wholly included therein. Appellant's lands are contiguous, and, standing alone, fall within those descriptions, as they are composed of an "addition," "subdivision," or some "part" of the town of Manitou.

But there are sound reasons why the language of the statute was not intended to confer the power on appellant's grantor to vacate the Balanced Rock road. One of them is that the expressed authority was to vacate *streets* or *alleys* only, and not roads. A street may be a road, but it is not usually so regarded. Words of common use in a statute are to be construed in their natural, plain, and ordinary signification. 36 Cyc. 1114. It is obvious there was no purpose to authorize the vacation of such a road, in outlying territory, whether within or adjacent to a city or town. Surely, a more apt description of it would have been found than as a *street* or *alley*.

The words "consisting of not less than four blocks adjacent to each other" necessarily relate to all the lands theretofore described, because streets and alleys exist only where land is subdivided into blocks, and it is evident the whole section is directed to them. It was contemplated then that the lands described in the statute must be composed of blocks. To bring its lands within that description, appellant had to establish that they consisted of blocks. Hence, the averment in the bill that they were *blocks, tracts* or *parcels*. But those lands did not consist of blocks at all, as they are required to be inclosed or surrounded by streets. Olsson v. Topeka, 42 Kan. 709, 21 P. 219; Bowlus v. Iola, 82 Kan. 774, 109 P. 405; Fruita v. Williams, 33 Colo. 157, 80 P. 132; Slater v. Fire & Police Board, 43 Colo. 225, 96 P.

554. There is no such governmental subdivision of a section. Glos v. Wilson, 198 Ill. 44, 64 N. E. 734. As appellant's lands were tracts described only in terms of the original government survey, the statute did not authorize the vacation of a road traversing them.

It is our conclusion that the Act of 1909 did not authorize appellant's grantor to vacate the Balanced Rock road. Appellant's use and enjoyment of its lands must be without molestation of travel on this public highway. The decree of the district court is

Affirmed.