**James Randolph BOWE, Plaintiff,**

**v.**

**SMC ELECTRICAL PRODUCTS, INC., formerly known as Service Machine Co., Defendant.**

Civil Action No. 95–K–1439.

United States District Court, D. Colorado.

Nov. 26, 1996.

J. Keith Killian, James P. Guthro, Grand Junction, CO, for Plaintiff.

L. Anthony George, Jackson & Kelly, Denver, CO, Karen H. Miller, Joseph P. Miller, Charleston, WV, for Defendant.

## ORDER ON MOTION FOR RECONSIDERATION AND TRIAL

KANE, Senior District Judge.

James Randolph Bowe sues SMC Electrical Products, Inc. ("SMC"), his former employer, claiming that it wrongfully failed to pay overtime compensation.

On July 29, 1996, I denied SMC's motion for summary judgment. *See Bowe v. SMC Electrical Products, Inc.*, 935 F.Supp. 1126, 1137–38 (D.Colo.1996) ("Order"). Pending is Defendant's Motion for Reconsideration of Denial of Summary Judgment on Retail Trade Issue, or in the alternative, Motion to Certify Retail Trade Issue to the Colorado Supreme Court. Also pending is Plaintiff's Motion to Schedule Trial.

Although I grant SMC's motion for reconsideration, I iterate the Order. I deny SMC's alternative Motion to Certify Retail Trade Issue to the Colorado Supreme Court. I grant Bowe's Motion to Schedule Trial.

### I. *Motion for Reconsideration.*

■ "A motion for reconsideration is proper when the court has 'made a mistake not of reasoning but of apprehension ... [or] if there has been a significant change or development in the law or facts since submission.'" *Federal Deposit Ins. Corp. v. Hildenbrand,* 892 F.Supp. 1317, 1319–20 (D.Colo.1995) (quoting *EEOC v. Foothills Title Guar. Co.,* No. Civ. A. 90–A–361, 1991 WL 61012 at *3 (D.Colo. Apr. 12, 1991), *aff'd,* 956 F.2d 277 (10th Cir.1992)).

> When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings.... Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous.

*Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981) (citations omitted).

■ SMC asks me to reconsider the July 29, 1996 Memorandum Opinion and Order ("Order") denying its summary judgment motion on Bowe's claims for relief under Colorado Minimum Wage Order No. 19 ("MWO") promulgated under Colo.Rev.Stat. § 8–6–108 (1973).

The MWO only applies to SMC if it is engaged in the "Retail Trade Industry." The MWO states an employer is engaged in "The Retail Trade Industry" only if 50% or more of its business results from "retail sales" to "consumers." I am asked to reconsider the aspect of the Order rejecting SMC's argument that it does not fall within the MWO because it is not engaged in retail sales.

In reconsidering the Order, I am not persuaded that it was clearly erroneous nor involved a misunderstanding, nor that SMC has introduced any contradictory controlling authority.

SMC asks that I interpret the word "retail sale" in the MWO to mean exclusively sale to an individual consumer for that consumer's household or personal use. Based on this interpretation, SMC argues, it is not engaged in retail sales because the uncontradicted evidence is that it makes and sells industrial electrical equipment to businesses solely for business use.

SMC relies on the definition of the word "retail" in *Roland Electrical Co. v. Walling,* 326 U.S. 657, 667, 66 S.Ct. 413, 417, 90 L.Ed. 383 (1946) and *Idaho Sheet Metal Works, Inc. v. Wirtz,* 383 U.S. 190, 206–207, 86 S.Ct. 737, 747–48, 15 L.Ed.2d 694 (1966). Both of those cases dealt with the interpretation of the word "retail" in the context of the "retail or service establishment" exemption then contained in § 213(a)(2) of the Fair Labor Standards Act ("FLSA"), an exemption repealed by Congress in 1989.

As was noted in *Walling v. Consumers Co.:*

> The Fair Labor Standards Act was designed to include within its scope and coverage every employee 'engaged in commerce' except those specifically exempted therefrom, and, since the Act is in its

nature remedial, it should be liberally construed so as to effectuate its humanitarian purposes; its exemptions, however, must be strictly and narrowly construed.

149 F.2d 626, 630 (7th Cir.1945).

The MWO "regulates wages, hours, working conditions and procedures in certain industries in Colorado, including the "retail industry." MWO, ¶ 1. "Retail Industry" is defined as "any industry, business or establishment engaged in or concerned with the selling of any commodity ... to the consumer in which 50% or more of the dollar value of the business results from retail sales." *Id.*

■ . In the MWO, the word "retail" is used not as part of an exemption to coverage but to define coverage. Like the FLSA, the MWO is remedial in nature and its coverage should be liberally construed.

■ "Statutory construction is a matter of law to be decided by the court." *Southern Ute Indian Tribe v. Amoco Production Co.,* 874 F.Supp. 1142, 1152 (D.Colo.1995). In attempting to give effect to the intention of the ·drafters of the MWO, I first look at the language of the MWO and assume its plain meaning accurately expresses the legislative purpose. *See United States v. James,* 478 U.S. 597, 604, 106 S.Ct. 3116, 3120, 92 L.Ed.2d 483 (1986).

■ If a word of common use is contained in a statute, it is construed in its "natural, plain and ordinary significance." *Balanced Rock Scenic Attractions v. Town of Manitou,* 38 F.2d 28, 30 (10th Cir.), *cert. denied,* 281 U.S. 764, 50 S.Ct. 463, 74 L.Ed. 1172 (1930). "The plain meaning of a word is not determined by reference to variations on its ordinary meaning, but by the ordinary meaning itself." *Southern Ute Indian Tribe,* 874 F.Supp. at 1152. In determining the ordinary meaning of a word it is appropriate to look to general dictionary definitions. *Addison v. Holly Hill Fruit Products,* 322 U.S. 607, 617–18, 64 S.Ct. 1215, 1221–22, 88 L.Ed. 1488 (1944).

SMC relies on the following definition of the verb "retail:"

To sell by small quantities, in broken lots or parcels, not in bulk, directly to consumer. Sales made in minimal quantities to ultimate consumer to meet personal needs, rather than for commercial or industrial users [sic]. *Witco Chemical Corp. v. U.S.,* 2 Cl.Ct. 504, 507. In general, wholesalers sell to retailers who in turn sell to consumers.

Black's Law Dictionary 1315 (6th Ed.1990).

SMC relies on that part of the definition derived from *Witco Chemical Corp. v. United States,* 2 Cl.Ct. 504, 507 (Cl.Ct.1983), *aff'd,* 742 F.2d 615 (Fed.Cir.1984). There the court defined "retail" as "sales made in small quantities to ultimate consumers to meet personal needs, rather than for commercial or industrial uses of the articles sold." *Id.* (citing *Roland Electrical Co.,* 326 U.S. at 675, 66 S.Ct. at 421). As already mentioned, the Court in *Roland,* was defining "retail" in the context of an exemption from the FLSA.

Other courts have recognized that "the *Roland* case ... has made clear that, in the Fair Labor Standards Act, Congress intended the word 'retail' to have a different meaning than ... commonly used meanings [that a retail sail is one that is not resold but is made to the ultimate consumer]." *Walling v. Thompson,* 65 F.Supp. 686, 689 (S.D.Cal. 1946). Moreover, the Supreme Court, in *Idaho Sheet,* stated the 1949 amendment to the FLSA was "designed to overturn the sweeping principle of the *Roland* case." *Idaho Sheet,* 383 U.S. at 200, 86 S.Ct. at 744.

Black's Law Dictionary defines the noun "retail" as: "A sale for final consumption in contrast to a sale for further sale or processing (*i.e.* wholesale). A sale to the ultimate consumer." Black's Law Dictionary at 1315. It further defines "consumer" as:

One who consumes. Individuals who purchase, use maintain, and dispose of products and services. Users of the final product. A member of· that broad class of people who are affected by pricing policies, financing practices, quality of goods and ·services, credit reporting, debt collection, and other trade practices for which the state and federal consumer protection laws are enacted. Consumers are to be distinguished from manufacturers (who produce

goods), and wholesalers or retailers (who sell goods). *Id.* at 316.

Webster's Third New International Dictionary of the English Language (1976) defines the noun "retail" as "the sale of commodities or goods in small quantities to ultimate consumers—opposed to wholesale," *id.* at 1938, and "consumer" as "one that utilizes economic goods," *id.* at 490.

The American Heritage Dictionary (3d ed. 1996) defines "retail" as "[t]he sale of goods or commodities in small quantities directly to the consumer," *id.* at 1539, and "consumer" as "[o]ne that consumes, especially one that acquires goods or services for direct use or ownership rather than for resale or use in production or manufacturing," *id.* at 405.

A review of these dictionary definitions does not persuade me that a "retail sale" is confined to a sale to an individual consumer for that consumer's household or personal use, as urged by SMC. The MWO itself does not support such a narrow interpretation but reflects an intention to provide broad protection: "When the Fair Labor Standards Act, differs with the Colorado Law, the law providing more protection or setting the higher standard applies." MWO, ¶ 24.

Accordingly, although I grant SMC's request to reconsider the issue, I iterate the Order. I deny SMC's alternative request that I certify the "retail trade issue" to the Colorado Supreme Court.

## II. *Trial.*

I grant Plaintiff's Motion to Schedule trial. The case is set for a six day jury trial commencing on Monday February 3, 1997 at 9:00 a.m. in Courtroom C–401.

A final trial preparation conference and instruction conference to settle jury instructions will be held on Wednesday January 8, 1997 at 9:00 a.m. in Courtroom C–401. The stipulated proposed jury instructions, including this court's stock jury instructions, and the challenged jury instructions shall be submitted to the court at least five court days before the final trial preparation conference in hard copy and on computer discs compatible with Wordperfect 5.1.

Exhibit lists and witness lists shall be submitted at this conference. Counsel are to have met and to indicate on their exhibit lists those exhibits to which they stipulate. *See* Pretrial and Trial Procedures Memorandum. Accordingly,

IT IS ORDERED THAT Defendant's Motion for Reconsideration of Denial of Summary Judgment on Retail Trade Issue is GRANTED; the July 29, 1996 Memorandum Opinion and Order is ITERATED;

IT IS FURTHER ORDERED THAT Defendant's alternative Motion to Certify Retail Trade Issue to the Colorado Supreme Court is DENIED.

IT IS FURTHER ORDERED THAT Plaintiff's Motion to Schedule trial is GRANTED. The case is set for a **six day jury trial** commencing on **Monday February 3, 1997 at 9:00 a.m. in Courtroom C–401.** A **final trial preparation conference and instruction conference** to settle jury instructions will be held on **Wednesday January 8, 1997 at 9:00 a.m. in Courtroom C–401.**