FILED
United States Court of Appeals
Tenth Circuit

March 31, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL COMBS, on behalf of himself
and all similarly situated persons,

     Plaintiff - Appellant,

v.

JAGUAR ENERGY SERVICES, LLC, a
Louisiana limited liability company,

     Defendant - Appellee.

No. 16-1250
(D.C. No. 1:15-CV-00815-REB-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Plaintiff Michael Combs appeals from a district court order granting summary

judgment in favor of defendant Jaguar Energy Services, LLC (Jaguar), on his claim

for unpaid compensation allegedly due under the overtime-hour provision of what is

now designated Colorado Minimum Wage Order Number 33 (Wage Order), *see*

Colo. Code Regs. § 7-1103-1:4 (2017). The district court ruled that the claim failed

as a matter of law, because Mr. Combs fell within the Wage Order's exemption for

---

* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

"interstate drivers, driver helpers, loaders or mechanics of motor carriers," *id.* § 7-1103-1:5. On de novo review, *see Deherrera v. Decker Truck Line, Inc.*, 820 F.3d 1147, 1153-54 (10th Cir. 2016), we affirm for the reasons stated below.

## I. DISTRICT COURT PROCEEDINGS

The basic facts are not in dispute. Jaguar provides products and services to oil drilling companies with job sites in several states, including Colorado. Mr. Combs worked as a member of a crew (three to five employees) responsible for transporting supplies to assigned work sites. Crew members loaded the transport truck and took turns driving and serving as driver's helpers. Mr. Combs worked out of the Colorado office, which sent approximately 15 per cent of its crews to out-of-state sites. Although any employee could be assigned to a site outside Colorado, Mr. Combs personally had never traveled outside Colorado for Jaguar.

Mr. Combs claimed he did not fall within the motor carrier exemption because he did not drive out of state. Neither the Wage Order nor the Colorado Wage Act under which it was promulgated defines or explains the operation of the term "interstate" in the exemption. Noting that "interstate" immediately precedes only the term "drivers," the district court invoked the rule of construction known as the "last antecedent canon," *see* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* (*Reading Law*) at 144-46 (2012) (discussing canon), and concluded that the interstate limitation on the exemption did not apply to the other listed occupations. Thus, the district court held that Mr. Combs' work as a motor

carrier's driver helper and loader placed him within the exemption regardless of how "interstate drivers" was interpreted.

But the district court did not rely solely on that relatively narrow syntactic rationale. Alternatively, it interpreted "interstate" in such a way that the term applied to Mr. Combs even though he never drove across state lines. Its analysis in this regard explicitly followed the way courts have construed the interstate-commerce condition in the similar Motor Carrier Act (MCA) exemption to wage requirements in the Fair Labor Standards Act (FLSA):

> As there is nothing to suggest the Wage Order's exemption applies only to drivers who travel *exclusively* out of state, it is comparable to the MCA exemption, which, although limited, *inter alia*, to employees engaged in activities affecting interstate commerce, **see** 29 C.F.R. § 782.2(a)(2), nevertheless applies regardless whether all employees actually travel interstate or whether interstate travel makes up a significant portion of the employer's business, **Songer v. Dillon Resources, Inc.**, 618 F.3d 467, 474 (5th Cir. 2010) (citing **Morris v. McComb**, 332 U.S. 422, 433-36, 68 S. Ct. 131, 136-38, 92 L.Ed. 44 (1947)). . . . Accordingly, and regardless whether plaintiff himself ever traveled out of state, the fact that other employees whom he seeks to represent did so (and that he himself might have been called on to do so) brings him within the Wage Order's exemption for drivers.

Aplt. App. at 96-97.

## II. ISSUES ON APPEAL

Beginning with the district court's narrower rationale, Mr. Combs takes issue with the conclusion that he falls under the Wage Order exemption due to his work as a driver helper and loader. In his view, because these terms follow closely upon "interstate" in the operative clause, the exemption should be limited to helpers and loaders whose work, like that of interstate drivers, involves transportation across

3

state lines.  And he challenges the district court's invocation of the last antecedent rule as an interpretive canon supporting its contrary reading.

Strictly speaking, the last antecedent rule concerns anaphoric and cataphoric reference by pronouns, *see Reading Law* at 144, 152, which is not the issue here. The more apt version of the interpretive rule invoked by the district court is "the nearest-reasonable-referent" canon, which concerns forward and backward attribution of modifiers (like "interstate") to nearby words.  *See id.* at 152.  As Mr. Combs emphasizes, these syntactic canons of construction are flexible rules subject to contrary contextual cues—and, indeed, can undercut each other.  That is the case here.  According to the nearest-reasonable-referent canon, an adjective ordinarily modifies only the nearest word to which it reasonably applies.  *See id.*  Thus, in the district court's view, "interstate" modifies "drivers" but not the other nouns—"driver helpers, loaders or mechanics"—in the clause ending with "of motor carriers."  But this canon is limited to when "the syntax involves something *other than a parallel series* of nouns or verbs."  *Id.* (emphasis added).  "When there is a straightforward, parallel construction that involves all nouns or verbs in a series, a [forward or backward looking] modifier normally applies to the entire series," according to the "series qualifier canon."  *Id.* at 147; *see, e.g.*, *People v. Lovato*, 357 P.3d 212, 221 (Colo. App. 2014) (applying canon).  The Wage Order exemption lists a parallel series of nouns following the term "interstate."  Mr. Combs thus argues with some force that if syntactic canons control the analysis, "interstate" should be understood to qualify all the motor carrier occupations listed.

4

Mr. Combs does not, however, cite any Colorado case law reading the clause in this way.[1] He does cite authority for the broad proposition that the Wage Order is to be liberally construed. *See*, *e.g.*, *Deherrera*, 820 F.3d at 1160 n.6 (citing Colo. Rev. Stat. § 8-6-102); *Bowe v. SMC Elec. Prods., Inc.*, 945 F. Supp. 1482, 1484 (D. Colo. 1996); *see also Chase v. Farmers Ins. Exch.*, 129 P.3d 1011, 1014-15 (Colo. App. 2004) (holding employer bears burden of demonstrating employee "plainly and unmistakably" falls within exemption from Wage Order protections). But, as we explained in discounting a similar point in *Deherrera*, this maxim of liberal construction is of little use in concrete cases such as this where interpretive

---

[1] Indeed, an advisory bulletin from the Colorado Division of Labor to which he refers seems to parse out driver helpers and loaders separately from interstate drivers, qualifying the exempt status of the former solely by reference to their employment by motor carriers, while making it clear that for drivers the interstate/intrastate distinction is critical to their qualification for the exemption:

**INTERSTATE DRIVERS**

*Interstate drivers* (drivers whose work takes them across state lines) *are exempt* from all of the provisions of [the Wage Order]. *Also exempt* from the Wage Order are *driver helpers, loaders or mechanics of motor carriers . . . .*

**INTRASTATE DRIVERS**

*Drivers* whose work travel is *entirely within* the State of Colorado *are not specifically exempted* from the provisions of [the Wage Order]. Coverage and exemption determinations are made on a case-by-case basis in accordance with the provisions of the Wage Order.

Colo. Div. of Labor, Advisory Bulletins and Res. Guide at 56 (Interstate and Intrastate Drivers, 22(I)) (Mar. 31, 2012) (emphasis added). We note, however, that this Guide is "for informational purposes only, and should not be relied upon as an official record of action or law." *Id.* at 2 (Foreword).

5

direction from the Colorado General Assembly as to the intended reach of the Wage

Order provisions is lacking. *See Deherrera*, 820 F.3d at 1160 n.6.

In sum, consideration of the district court's narrower rationale for holding

Mr. Combs exempt from the Wage Hour overtime provision—as a driver helper and

loader *tout court*, regardless of interstate/intrastate status—does not lead us to a

definitive conclusion. We therefore turn to the district court's alternative rationale

for applying the exemption, relying on his status as an interstate driver.

As explained above, the district court determined that Mr. Combs qualified as

an interstate driver by applying the expansive understanding of interstate nexus used

in connection with the MCA exemption. The latter "depends centrally on whether

the employee was engaged in interstate commerce." *Deherrera*, 820 F.3d at

1154-55.[2] The district court held that the MCA exemption, and consequently the

Wage Order exemption as well, does not require that "all employees actually travel

interstate or [that] interstate travel makes up a significant portion of the employer's

business." Aplt. App. at 96. Thus, regardless of "whether [Mr. Combs] himself ever

traveled out of state, the fact that other employees whom he seeks to represent did so

(and that he himself might have been called on to do so) brings him within the Wage

Order's exemption for [interstate] drivers." *Id.* at 96-97.

---

[2] The MCA exempts from FLSA overtime requirements drivers "with respect
to whom the Secretary of Transportation has power to establish qualifications and
maximum hours of service," which occurs when a driver "moves goods in interstate
commerce and affects the safe operation of motor vehicles on public highways."
*Deherrera*, 820 F.3d at 1154 (internal quotation marks omitted).

While the district court's order did not refer to it, our opinion in *Deherrera*, issued just weeks earlier, bolsters the court's analysis in two respects. *Deherrera* supports both the general point that judicial constructions of the MCA exemption properly inform the interpretation of the similar Wage Order exemption, and the specific point that the interstate activity required by either exemption need not constitute a major portion of the job.

*Deherrera* held that "[b]y driving an intrastate leg of shipments in interstate commerce, Plaintiffs became subject to the authority of the Secretary of Transportation and were thus exempt from the overtime pay requirements of the FLSA and the [Colorado] Wage Order." *Deherrera*, 820 F.3d at 1151, 1159-60. That particular holding is not dispositive here. But in applying it to the Wage Order, *Deherrera* also concluded that the Wage Order's exemption for interstate drivers "should be read in harmony with the meaning of interstate commerce under the MCA exemption to the FLSA":

> We read these two exemptions harmoniously because many of the Wage Order provisions (including the overtime exemptions) are patterned largely after the FLSA. . . . And where a state law is patterned after a federal law or designed to implement its policies, federal constructions of the law "should be accorded great weight." *See People v. Gallegos*, 251 P.3d 1056, 1062 (Colo. 2011). *Because Plaintiffs are engaged in interstate commerce for purposes of the MCA exemption* to the FLSA (as we established above), *they are also "interstate drivers" under the Wage Order exemption*.

*Deherrera*, 820 F.3d at 1161 (emphasis added).

In this respect *Deherrera* squarely undercuts Mr. Combs' overarching objection to the district court's analysis of the interstate element of the Wage Order

7

exemption, i.e., that the court improperly construed it in light of the interstate nexus sufficient for the MCA exemption. While Mr. Combs still presses that objection in various ways (arguing that equating the two exemptions is contrary to the Wage Order's text, intendment, liberal remedial purpose, etc.), he barely acknowledges *Deherrera*'s definitive impact on the matter, much less distinguishes its holding in this critical respect.[3] *Deherrera*'s understanding of Colorado law could, of course, be reexamined in light of subsequent relevant state court decisions. But the only such decision brought to our attention *follows Deherrera* in construing the Wage Order exemption in light of federal interpretation of the MCA exemption. *See Brunson v. Colorado Cab Co. LLC*, Denver Dist. Court No. 15cv31252, Order at 5 (Sept. 30, 2016). Under the circumstances, we do not think the district court's construction of the Wage Order exemption in light of the established understanding of the MCA exemption may be faulted given its consistency with our precedential analysis in *Deherrera*.

---

[3] Mr. Combs does in passing dismissively refer to *Deherrera*'s congruent construction of the interstate elements of the Wage Order and MCA exemptions as mere dicta, because *Deherrera* noted the parties agreed with the view expressed in the opinion. Reply Br. at 3 n.1 (citing *Deherrera*, 820 F.3d at 1161). But this court may properly arrive at its own independent conclusions about the controlling law regardless of whether the parties happen to be in accord on the matter, *Christoffersen v. United Parcel Serv., Inc.*, 747 F.3d 1223, 1231 (10th Cir. 2014), and in the quoted passage the *Deherrera* panel stated its own stand-alone rationale, based on Colorado precedent, for concluding that the interpretation of the Wage Order exemption should be guided by judicial constructions of the MCA exemption. We consider that a binding panel holding and accordingly follow it here.

*Deherrera* also supports the district court's specific follow-up holding that the MCA exemption (and hence the Wage Order exemption) does not require that the operative interstate nexus constitute a major portion of the job at issue:  "[I]t is irrelevant whether [interstate] shipments constituted a major portion of the Plaintiffs' workload, because even minimal loads in interstate commerce" suffice to qualify the work as interstate for purposes of the exemptions.  *Id.* at 1159 n.5.  But we need not pursue that point further here.  As Jaguar notes, Mr. Combs has not challenged the district court's conclusion that he would qualify as an interstate driver under the MCA exemption; he challenges only the relevance of that conclusion to the application of the Wage Order exemption.  And, in light of *Deherrera*, the latter line of argument is foreclosed.

Accordingly, the judgment of the district court is affirmed.

Entered for the Court


Bobby R. Baldock
Circuit Judge

9